Smith, J.
The relator, Mr. Matthews, avers in his petition that he is an attorney at law, and that on February, 1899, he was by resolution of the board of elections of this city, employed to render legal services to it and its members, concerning their official duties pertaining to a primary and general municipal election then pending in said city, andjespecially in connection with certain injunction proceedings pending *283 in the superior court of this city, and contempt proceedings issued against the judges of the election for the alleged violation of said injunction by reason of the performance of their official duties according to law, and the order of said board of elections. That under the statutes of the state, the board was empowered to instruct the judges acting at the election, touching their duties at such elections and the receiving and counting of ballots cast. That such court had taken jurisdiction over said primary elections,and instructed the judges of said elections in the matter of receiving and counting ballots, and had taken from said board of election their just and legal powers under the law, and said orders had been served on the very day of said election, in the afternoon when it was impossible to get authentic information to the judges of said election by proper official writs or notice, and the actiun of said judges in the confusion thereby created, was charged against them and against the clerk of said board, in contempt proceedings, which proceedings involved the right of said court to issue said injunction and interfere with and usurp the legal and statutory rights of said board of elections — that said injunction proceedings were wholly without jurisdiction and authority of law, and impeded the said board audits secretary in the discharge of their official duties pertaining to said elections,
That upon the hearing of said injunction and contempt proceedings before the judge hearing the same, it was held that the duly elected and qualified counsel for the city could not appear as an attorney therein, and that the relator by virtue of said employment attended the trial and hearing of said cause, and gave advi.ce to ssid board pertaining to its official duties therein; and presented a true and correct account to said board for his services in the sum of $500, which sum they were reasonably worth. That the board approved said account, and ordered the payment *284 thereof, which action was duly certified by its president and secretary to the said H. P. Boyden, auditor of said city,after having been duly approved by Ellis G. Kinkead, corporation counsel. That there was then and is now money in the hands of the treasurer of said city to the credit of its general fund, and of the residue thereof, and of the appropriated estimate for the said board, and to its credit, and not otherwise appropriated, sufficient to pay relator’s claim, yet the defendant refuses to issue a warrant therefor. Wherefore it is asked that he be required to do so.
The answer of the defendant admits that the relator is an attorney at law, and the defendant is the city auditor, and' that the board of election issued to relator a voucher, addressed to the defendant, for $500, approved by the corporation counsel, in payment for certain legal services alleged to have been rendered to the board by the relator, and that the defendant refused to draw his warrant upon the treasurer therefor. He further admits that Judge Jackson of the superior court refused to allow the corporation counsel to appear for the respective defendants in the injunction and contempt proceedings. Thereupon he denies all the other allegations in the petition not admitted.
And by way of further defense defendant avers: First, that the' board of elections was not a party to either of said injunction or contempt proceedings; that the injunction proceedings were against certain judges of elections in individually,and the contempt proceedings were against Green and certain judges of election individually, and therefore said legal.services were rendered to the respective defendants individually, and not to the board of elections.
Second: The employment of relator by the board, was not authorized by a resolution of the board of legislation or council of said city, and therefore was contrary to the provisions of section 1781, Revised Statutes.
Third: There were not at the time said vouchers was pre *285 seated to defendant, nor are there now funds in the city treasury to the credit of said board, and not otherwise appropriated, sufficient to pay said voucher.
Fourth: Said voucher does not state specifically against’ which item of appropriation for the use of said board it is to be drawn, and it is therefore defective and contrary to the provisions of section 1765a, subdivision 2,Revised Statutes, etc.
Fifth: That the board employed the relator, approved' and issued said voucher without the certification of the city auditor that the money to pay therefor was in the-city treasury, specially set apart to meet said expenditure, as is required by sections 2699 and 2702,Revised Statutes..
It is earnestly urged by counsel for the defendant that if the relator on other grounds was entitled to the relief asked by him, that the fact that the legal services admittedly rendered by him, at the instance of the board, were rendered, in part’at least, for the benefit of, or in cases where the judges of election, and the clerk of the board were parties, individually, and where the board itself was not, would make a case where it was clear that the relator should not have compensation from the funds in the city treasury appropriated for the purposes of this board. While there was-a formal denial of the allegations of the petition not expressly admitted by the answer, we understand that many of the allegations of the petition as to the circumstances under which the employment of Mr. Matthews was made, the situation of affairs at the time, and the character and value of the services were substantially admitted, and some of them are.of common knowledge That under the statutes of the state, the board of elections had authority to instruct the judges of election as to their duties at an election and the receiving and counting the votes cast, and that this duty had in a manner been usurped by one of the courts, as afterwards held by the court itself, and that the just and *286 •acknowledged powers of said board might be upheld and maintained, (as the corporation counsel was not allowed by •such court to appear in court, and represent the board), it ■seemed necessary and proper that counsel should be employed and appear for the board. If it had under any circumstances the right to employ counsel, without an authorization of the board of legislation of the city, in accordance with the provisions of section 1781, Revised Statutes, it -would seem that it should have been done in this case, and that the mere fact that the services, (in part at least) were rendered in cases to which the board was not a formal party, but the decision of which in fact vitally affected its rights, privileges and duties, ought not to prevent the board from making proper payment for such services. But in this case the allegations of the petition were that services had been rendered by the relator to the board, outside of those suits =and proceedings,
We are further of the opinion that the decision of this court in the case of Yaple v. the Board of Police Commissioners of this city, reported in 2nd Circuit Court, 406, and affirmed by the supreme court without report, 25th Law Bulletin, 336, applies to this case, and for the general reasons therein stated, that the board of elections, not withstanding the provisions of section 1781, Revised Statutes, may in a proper case employ counsel, and from the funds appropriated to their use, pay them, when it becomes necessary to protect the rights of such board,
With reference however to the third and fourth special defenses interpused by the defendant, it was shown by the ■evidence introduced in the case that the board of legislation of this city, by a specific and specific apporpristion, made in conformity with the provisions of section 2690h, Revised Statutes, provided for the board of elections for ■the first six months of the year 1899, under four beads: First, for salares of members and clerks; second, for sundry *287 ■election expenses; third, for stationery and printing, and fourth, for pay-rolls, judges, registrars and clerks — with a certain sum total for each. It is clear we think that this bill should have been drawn on the second item, viz: for sundry election expenses. The evidence shows that when the voucher for Mr. Matthews was presented, there was $365.89 to the credit of that fund, and that there is now less than $25.00 Section 1765a, subdivision 2 and 3, provide as follows:
Robertson & Buchwalter, for Plaintiff.
Mr. Hollister, for Defendant.
“Second: He shall keep separate accounts for each specified item of appropriation made to each department, and require all vouchers to state specifically against which of said items the same are drawn. Each account •shall be accompanied by a statement in detail, in separate columns, of the several appropriations, the unpaid contracts •charged against each, and the balance standing to the credit of each. ”
“Third: He shall not allow the amount set aside for any appropriation to be overdrawn, or the amount appropriated for one item of expense to be drawn upon for any other •purpose, or by any department other than that for which the appropriation was specifically made, nor unless sufficient funds out of which said voucher is payable.shall actually be in the treasury at the time of the credit of the item upon which it is drawn.”
These provisions are mandatory,and a penalty is imposed by the same section upon the auditor if he violates them. And as there were not sufficient funds to the credit of the account upon which the voucher should have been drawn to meet the same, and as the voucher in fact was not drawn upon any particular item, the auditor was justified in refusing to draw a warrant for said services of the relator on said voucher, or until a proper voucher is presented, and there be sufficient funds in the treasury applicable thereto to meet the same. The writ will therefore be refused.